## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| | : | |
| **FRANCES EMMONS ROGERS** | : | |
| | : | |
| **Debtor.** | : | |
| | : | **Bankruptcy No. 18-15460 (JKF)** |

## FIRST AMENDED PLAN OF REORGANIZATION
## <u>PROPOSED BY FRANCES EMMONS ROGERS AS A DEBTOR-IN-POSSESSION</u>

Dated:  May 8, 2019

Frances Emmons Rogers, Debtor-in-Possession, (the "Debtor") hereby proposes the following First Amended Plan of Reorganization (the "Plan") under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. Section 101, et seq.

## ARTICLE I

### Definitions

For the purposes of this Plan, the following terms shall have the respective meanings hereinafter set forth, such meanings to be equally applicable to the singular and plural forms of the terms defined except as the context otherwise requires.  Any term defined in the Bankruptcy Code and not otherwise defined herein shall have the meaning specified in the Bankruptcy Code unless the context otherwise requires.

1.1 **"ADMINISTRATIVE CLAIM"** means a Claim incurred by the Debtor on or after the Petition Date and before the Effective Date for a cost or expense of administration of the Chapter 11 case allowable under Section 503(b) of the Bankruptcy Code  and entitled to priority under Section 507(a)(1) of the Bankruptcy Code.

1.2 **"ADMINISTRATIVE CLAIMANT"** means the holder of an Administrative Claim.

1.3 **"ALLOWANCE DATE"** means the date a Claim becomes an Allowed Claim, respectively.

1.4 **"ALLOWED"** The use of the term "Allowed" with reference to a Claim (e.g., "Allowed Unsecured Claim") shall mean one which (a) is listed in the bankruptcy schedules or list of equity security holders (including any amendments thereto) filed in this case as of the confirmation date and (i) not listed therein as disputed, contingent or unliquidated or (ii) not objected to by the Debtor; (b) is set forth in a Proof of Claim properly filed in this case on or

2

before the date fixed by the Bankruptcy Court (or by applicable rule or statutes as the last day for filing such proof), and as to which no objection is filed; or (c) is determined to be allowed in a Final Order.

1.5    **"ALLOWED CLAIM"**    means (a) a Claim that has been allowed by a Final Order; (b) a Claim which is specified herein to be an Allowed Claim; or (c) a Claim timely filed with the Office of the Clerk of the Court or scheduled by the Debtor in her Schedules as neither unliquidated, disputed or contingent and as to which Claim (i) no objection with respect to the allowance thereof has been or shall be interposed within the period of time fixed by the Bankruptcy Code, the Bankruptcy Rules or orders of the Court, or (ii) as to which Claim either an objection to the Claim or an application to amend the Schedules with respect to a scheduled Claim has been interposed, which objection or application has been resolved by a Final Order to the extent such objection or application is determined in favor of the holder of such Claim. Unless otherwise specified, "Allowed Claim" shall not include interest on the principal amount of such Claim accruing from or after the Petition Date.

1.6    **"ASSETS"**    means all of the Debtor's property, real and personal, tangible and intangible, including without limitation accounts receivable, goods, chattel paper, documents, instruments, money, fixtures, contract rights, causes of action, claims and rights of any kind, wherever situated, together with the proceeds thereof.

1.7    **"BANKRUPTCY CODE"**    means Title 11 of the United States Code, as amended from time to time, applicable to this case as of the Petition Date.

1.8    **"BANKRUPTCY COURT" or "COURT"**    means the United States Bankruptcy Court for the Eastern District of Pennsylvania.

3

1.9    **"BANKRUPTCY RULES"**    means the Federal Rules of Bankruptcy Procedure, as amended from time to time promulgated by the Supreme Court of the United States.

1.10    **"BAR DATE"** means the last date fixed by Order of the Court for the filing of proofs of claim.

1.11    **"BUSINESS DAY"**    means any day except a Saturday, Sunday, or other day on which commercial banks located in Pennsylvania, are authorized by law to close.

1.12    **"CASE"**    means the reorganization case of the Debtor under Chapter 11 of the Bankruptcy Code presently captioned "In re Frances Emmons Rogers (Bankr. No. 18-15460-JKF)".

1.13    **"CAUSES OF ACTION"**    means all claims and causes of action now owned or hereafter acquired by the Debtor, whether arising under the Code or other federal or state law, including, without limitation, any causes of action arising under Sections 544, 547, 548, 550, 551, 553 or other sections of the Code.

1.14    **"CLAIM"**    means a claim against the Debtor within the meaning of Section 101(5) of the Bankruptcy Code and is intended to include, without limitation, any claim, suit, demand, note, liability, setoff, recoupment or charge, and any claim for reimbursement, contribution, indemnity or exoneration.

1.15    **"CLAIMANT"** A person or entity holding a Claim (including, his, her or its successors, assigns, heirs, executors, or personal representatives).

1.16    **"CLASS"**    means a group of Claims, consisting of Claims which are substantially similar to each other, as classified pursuant to this Plan.

1.17    **"CONFIRMATION DATE"**   means the date on which the Confirmation Order confirming the Plan at or after a hearing convened pursuant to Section 1129 of the Bankruptcy Code becomes a Final Order.

1.18    **"CONFIRMATION HEARING"**   means the hearing at which the Court considers confirmation of this Plan.

1.19    **"CONFIRMATION ORDER"**    means the Order of the Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

1.20    **"CONTESTED CLAIM" or "DISPUTED CLAIM"**   means any Claim as to which the Debtor or any other party in interest has interposed an objection, in accordance with the Bankruptcy Code and Bankruptcy Rules, which objection has not been determined by a final order or a claim which is scheduled as contingent or disputed.

1.21    **"CREDITOR"**   means the holder of a Claim against the Debtor.

1.22    **"DEBTOR"**   means Frances Emmons Rogers.

1.23    **"DEFICIENCY CLAIM"** means, with reference to a Creditor having an Allowed Secured Claim, that portion of the Creditor's Allowed Claim that is not an Allowed Secured Claim only because (a) the monetary benefit derived from the exercise of any available right of setoff and the application to the Claim of the net proceeds available from disposition of Assets securing the Creditor's Allowed Claim is insufficient to permit payment in full of the Allowed Claim, or (b) a Final Order entered in a proceeding to determine the extent of the Secured Claim provides that part of the Creditor's Allowed Claim is not an Allowed Secured Claim based on a valuation of the Creditor's interest in the Debtor's interest in the Assets securing the Claim.

1.24 **"DISBURSING AGENT"** has the meaning given to such term in Section 5.4 hereof.

1.25 **"DISPUTED CLAIM"** means any Claim which is scheduled as disputed, contingent or unliquidated, or which is objected to in whole or in part before the Effective Date.

1.26 **"DISTRIBUTION"** means any payment by the Debtor to a Creditor or Disbursing Agent on account of a Claim.

1.27 **"EFFECTIVE DATE"** means sixty days after the date upon which the Confirmation Order becomes a Final Order. However, at the option of the Debtor, a Confirmation Order subject to a pending appeal or certiorari proceeding may be considered a Final Order provided no order has been entered by any court of competent jurisdiction staying the effect of the Confirmation Order.

1.28 **"FEE CLAIM"** means a claim under section 330 or 503 of the Bankruptcy Code for allowance of compensation and reimbursement of expenses in this Chapter 11 case.

1.29 **"FINAL ORDER"** means (a) a judgment, order or other decree issued and entered by the Court, which judgment, order or other decree (i) has not been reversed or stayed and as to which the time to appeal has expired and as to which no appeal or petition for review, rehearing or certiorari is pending or (ii) with respect to which any appeal has been finally decided and no further appeal or petition for certiorari can be taken or granted; and (b) a stipulation or other agreement entered into which has the effect of any such judgment, order or other decree described in clause (a) above.

1.30 **"IMPAIRED CLASS"** means any Class of Claims which is impaired within the meaning of Section 1124 of the Bankruptcy Code.

1.31    **"INSIDER"**    means any "insider" as that term is defined in the Bankruptcy Code.

1.32    **"LIEN"**    means, with respect to any of the Assets of the Debtor, any mortgage, lien, pledge, charge, security interest, or other security device (including a lease which is not a true lease) or encumbrance of any kind affecting such Asset.

1.33    **"PERSON"**    means a person within the meaning of Section 101(41) of the Bankruptcy Code.

1.34    **"PETITION DATE"**    means August 17, 2018, the date upon which the Voluntary Petition was filed by the Debtor.

1.35    **"PETITION"**    means the Petition for Relief, filed by the Debtor with the Court pursuant to Chapter 11 of the Bankruptcy Code commencing this proceeding.

1.36    **"PLAN"**    means this Plan of Reorganization, as it may be further amended, modified or supplemented from time to time, and any exhibits and schedules thereto.

1.37    **"PLAN PROPONENT"**    means the Debtor.

1.38    **"PRIORITY NON-TAX CLAIM"**    shall mean a Claim or a portion of a Claim for which priority is asserted under Section 507(a)(3), (4), (5), (6) or (7) of the Bankruptcy Code.

1.39    **"PRIORITY TAX CLAIM"**    shall mean a Claim or a portion of a Claim for which priority is asserted under Section 507(a)(8) of the Bankruptcy Code.

1.40    **"PRO RATA"**    means with respect to any distribution to the holder of an Allowed Claim of a particular Class of the Plan on a particular date, the same proportion that the amount of such Allowed Claim bears to the aggregate amount of all Claims of such Class, including Contested Claims.

1.41    **"PROPONENT"**  means the Debtor.

1.42    **"REJECTION CLAIM"**  means any claim for amounts due as a result of the rejection of any executory contract or lease which is rejected by the Debtor by Final Order.

1.43    **"REORGANIZED DEBTOR"**  means Frances Emmons Rogers, as reorganized and existing on the Effective Date.

1.44    **"SCHEDULES"**  means the schedules of assets and liabilities heretofore filed by the Debtor  with the Office of the Clerk of the Court pursuant to Bankruptcy Rule 1007, as they may be amended from time to time.

1.45    **"SECURED CLAIM"**  shall mean a Claim that is (a) secured by a valid, perfected and enforceable Lien on Assets of the Debtor, to the extent of the value of the interest of the holder of such Secured Claim in such Assets; or (b) a claim which is specified herein as an Allowed Secured Claim, to the extent of the value of the interest of the holder of such secured claim in such assets.

1.46    **"TAX CLAIM"**  means any Claim of the kind specified in Sections 502(i) and 507(a)(8), but only to the extent such Claim is entitled to such priority.

1.47    **"UNIMPAIRED CLASS"**  means any Class of Claims which is not impaired within the meaning of Section 1124 of the Bankruptcy Code.

1.48    **"UNSECURED CLAIM"**  means any Claim, whether or not disputed, liquidated or contingent, including a Rejection claim or a Deficiency Claim arising out of any default of the Debtor under a contract entered into by the Debtor prior to the Petition Date, other than an Administrative Claim, Priority Non-Tax Claim, Priority Tax Claim or Secured Claim.

## ARTICLE II

## Classification of Claims

For the purpose of this Plan, Claims are divided into the following classes.  A Proof of Claim asserting a claim which is properly included in more than one class is included in each such class to the extent that it qualifies within the description of such class.

2.1   **Class 1.**      **Secured Claim of Wells Fargo Bank, N.A.**.   Class 1 consists of the claim of Wells Fargo Bank, N.A., secured by a first mortgage on the Debtor's residence located at 701 Panmure Road, Haverford, PA 19041 (the "Residence").   Class 1 is impaired.

2.2   **Class 2.**      **Unsecured Claim.**   Class 2 is impaired.   Except as otherwise provided herein, the treatment and consideration to be received by Class 2 shall be in full settlement, satisfaction, release and discharge of its respective claims and liens against the Debtor.

2.3   **Claims Classified.**  For purposes of voting and all confirmation matters, except as otherwise classified herein, all Claims (except for Administrative Claims), are classified as set forth in this Article II of the Plan.

2.4   **Administrative Claims.**   As provided in section 1123(a)(1) of the Bankruptcy Code, Administrative Claims shall not be classified for purposes of voting or receiving distributions under the Plan.   Rather, all such claims shall be treated separately as unclassified Claims pursuant to the terms set forth in Article IV of this Plan.

## ARTICLE III

### Treatment of Classes of Claim

The treatment set forth in Article III shall be in full and final satisfaction and discharge of all claims of any creditor in any Class.

3.1.    **Class 1.**       **Secured Claim of Wells Fargo Bank, N.A.**.   Class 1 consists of the claim of Wells Fargo secured by a first mortgage on the Debtor's Residence. Class 1 is impaired.  The total claim in Class 1 is $2,190,679.03.  The Debtor owes $797,351.16 in arrears on the Mortgage.   This amount includes both pre-petition arrears and post-petition arrears.   The Residence has an estimated fair market value of $1,750,000.00.   The Debtor proposes quarterly payments in the amount of $50,000.00 over five (5) years to cure the arrears. The Debtor will continue to make monthly payments in the amount of $9,811.97.  The Debtor reserves the right to dispute the amounts alleged to be due and owing as the numbers set forth above are taken from the Proof of Claim filed by Wells Fargo.

3.2    **Class 2.**       **Unsecured Claim.**   Class 2 is impaired.   Except as otherwise provided herein, the treatment and consideration to be received by Class 2 shall be in full settlement, satisfaction, release and discharge of its respective claims and liens against the Debtor.  The Debtor intends to pay all Allowed Unsecured Claims in full in monthly payments over the next twenty-four (24) months. Based upon Debtor's income and projected expenses, this amount equals what is required by the Code.

### ARTICLE IV

### TREATMENT OF UNCLASSIFIED CLAIMS

4.1    **Administrative Claims**.   All Administrative Claims shall be treated as follows:

a.      Time for Filing Administrative Claims.   The holder of an Administrative Claim, other than (i) a Fee Claim or (ii) a liability incurred and paid in the ordinary course of business by the Debtor, must file with the Bankruptcy Court and serve on the Debtor and her counsel, notice of such Administrative Claim within (30) days after the Confirmation Date.  Such notice must include at minimum (i) the name of the holder of the claim, (ii) the amount of the claim and (iii) the basis of the claim.  Failure to file this notice timely and properly shall result in the Administrative Claim being forever barred and discharged.

b.      Time for Filing Fee Claims.  Each professional person who holds or asserts an Administrative Claim that is a Fee Claim incurred before the Effective Date shall be required to file with the Bankruptcy Court a fee application within sixty (60) days after the Effective Date.  Failure to file the fee application timely shall result in the fee claim being forever barred and discharged.

c.      Allowance of Administrative Claims.   An Administrative Claim with respect to which notice has been properly filed pursuant to Section 4.1(a) of this Plan shall become an Allowed Administrative Claim if no objection is filed within thirty (30) days of the filing and service of notice of such Administrative Claim.  If an objection is filed within such (30) day period, the Administrative Claim shall become an Allowed Administrative Claim only to the extent allowed by Final Order.  An Administrative Claim that is a Fee Claim, and with respect to its fee application has been properly filed pursuant to Section 4.1(b) of the Plan, shall become an Allowed Administrative Claim only to the extent allowed by Final Order.

d.      Payment of Allowed Administrative Claim.   Each holder of an Allowed Administrative Claim shall receive (i) the amount of such holder's Allowed Claim upon the Effective Date, (ii) such other treatment as may be agreed upon in writing by the Debtor and

such holder as long as no payment is made thereon prior to the Effective Date, or (iii) as may be otherwise ordered by the Court, provided that an Administrative Claim representing a liability incurred in the ordinary course of business by the Debtor may be paid in the ordinary course of business.

    e. <u>Professional Fees Incurred After the Effective Date</u>. Any professional fees incurred by the Debtor after the Effective Date without deduction must be approved by the Debtor and, thereafter, paid. Any dispute which may arise with regard to professional fees after the Effective Date shall be submitted to the Bankruptcy Court, which shall retain jurisdiction to settle these types of disputes.

    4.2 **Tax Claims.** Each holder of an Allowed Priority Tax Claim shall receive, at the sole option of the Debtor (i) the amount of such holder's Allowed Claim on the Effective Date; (ii) the amount of such holder's Allowed Claim, plus interest accrued at the applicable statutory rate, in equal monthly cash payments in accordance with the provisions of Subsection 1129(a)(9)(c) of the Bankruptcy Code commencing on the Effective Date or (iii) such other treatment as may be agreed upon in writing by the Debtor and such Creditor. To the extent that an Allowed Tax Claim is secured against Property of the Debtor, the secured lien shall remain intact until the Allowed Tax Claim is paid in full.

**ARTICLE V**

**<u>Provisions for Execution of the Plan</u>**

    5.1 **Plan Funding**. The Debtor will fund the Plan through her income from her employment as a nurse. The Debtor's income will be used to for day-to-day spending and expenses. In addition to the Debtor's income as a nurse, the Debtor's husband will be providing income to make payments pursuant to the Plan. The Debtor's husband, Paul Rogers, works for

12

Jackson Cross and his income is based primarily on commissions of commercial leases.   Mr. Rogers projects to have total income in excess of $350,000.00 (gross) over the next year and for each year during the Plan.   The Debtor has regular expenses that total roughly $12,000.00 per month, including monthly mortgage payments, for a total of $144,000.00 per year.   The Debtor and her husband's income is sufficient to make all quarterly arrearage payments to Wells Fargo Bank and the otherwise necessary plan payments.

5.2    Prior to the Effective Date, the Debtor is authorized and directed to execute and deliver all documents and to take and to cause to be taken all action necessary or appropriate to execute and implement the provisions of this Plan.

5.3    This Plan may be altered, amended, or modified by the Proponent before or after the Confirmation Date, as provided in Section 1127 of the Code.

5.4    **Disbursing Agent.**  Frances Rogers shall be the Disbursing Agent herein ("Disbursing Agent").

The Debtor plans to file a Motion to close the case and request that a final decree be issued after initial payments are made under the Plan.

## ARTICLE VI

### Additional Provisions Applicable To All Classes

6.1    The payments, distributions and other treatments provided in respect of each Allowed Claim in the Plan shall be in full settlement and complete satisfaction discharge and release of such Allowed Claim.

6.2    Notwithstanding any of the provisions of the Plan specifying a date or time for the payment or distribution of consideration hereunder, payments and distributions in respect of any Claim or Interest which at such date or time are disputed, unliquidated or

contingent shall not be made on the disputed portion until such Claim becomes an Allowed Claim, whereupon such payment and distribution shall be made promptly pursuant to and in accordance with this Plan.

## ARTICLE VII

## Provisions Governing Distributions and General Provisions

7.1    Distributions pursuant to this Plan in Class 2 shall be made by the Disbursing Agent as provided herein and shall be made, unless otherwise provided herein, on the Effective Date, or as may be otherwise ordered by the Court.

a.    Delivery of Distributions.  Distributions and deliveries to holders of Allowed Claims will be made at the addresses set forth on the proofs of claim filed by the holders (or at the last known address).  If any holder's distribution is returned as undeliverable, no further distributions to the holder will be made unless and until the Debtor is notified of the holder's then current address, at which time all missed distribution will be made to the holder without interest.  All claims for undeliverable distributions must be made to the Disbursing Agent within one hundred twenty (120) days after the respective distribution was made.  After that date, all unclaimed property will revest with the Disbursing Agent for redistribution pro-rata to the remaining creditors in the appropriate class, and the Claim of any holder with respect to such distribution will be discharged and forever barred.

b.    Means of Cash Payment.  Cash payments made pursuant to the Plan will be in United States funds, by check drawn on a domestic bank or by wire transfer from a domestic bank.  All cash distributions will be made by the Disbursing Agent.

c.    Time Bar to Cash Payments.  Checks issued by the Disbursing Agent in respect of Allowed Claims will be null and void if not cashed within 90 days of the date

of their issuance.  Requests for reissuance of any check shall be made to the Disbursing Agent by the holder of the Allowed Claim with respect to which the check originally was issued.  Any claim in respect of such a voided check must be made on or before ninety (90) days after the date of issuance of the check.  After the date, all claims in respect of void checks will be discharged and forever barred and the cash, including interest earned shall be the property of the Reorganized Debtor.

       d.     <u>Setoffs</u>.  The Debtor may, but will not be required to, set off against any Claim and the payments to be made pursuant to the Plan in respect of the Claim, any claims of any nature whatsoever the Debtor may have against the claimant, but neither the failure to do so nor the allowance of any Claim hereunder will constitute a waiver of release by the Debtor of any such claim the Debtor may have against such claimant.

       e.     <u>De Minimis Distributions</u>.  No cash payment of less than twenty-five dollars ($25.00) will be made by the Disbursing Agent to any creditor unless a request is made in writing to Debtor to make such a payment.

       f.     <u>Saturday, Sunday or Legal Holiday</u>.  If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but will be deemed to have been completed as of the required date.

       7.2    Any notice described in or required by the terms of this Plan or the Code and Rules shall be deemed to have been properly given when actually received, or if mailed, five (5) days after the date of mailing as such may have been sent by certified mail, return receipt requested, and if sent to:

(a)    If to the Reorganized Debtor, addressed to:

Frances Emmons Rogers
701 Panmure Road,
Haverford, PA 19041

(b)    With copies to Counsel:

Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
Ciardi Ciardi & Astin
One Commerce Square, Suite 3500
Philadelphia, PA  19103

7.3    No default shall be declared under this Plan unless any payment due under this Plan shall not have been made within 30 days after written notice to the Reorganized Debtor and counsel for the Debtor for failure to make payment when due under the Plan.

**ARTICLE VIII**

**Effect of Confirmation**

8.1    **Injunction.**  Except as otherwise expressly provided in this Plan or to enforce its provisions, the Confirmation of the Plan shall act to permanently enjoin on or after and as long as the Debtor comply with the Plan on the Effective Date, all Persons who have held, hold or may hold Claims of or against the Debtor and the Reorganized Debtor (a) from commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim against the Debtor, (b) from the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree, or order against the Reorganized Debtor or the Property of the Reorganized Debtor with respect to any such Claim, (c) from creating, perfecting or enforcing any encumbrance of any kind against the Reorganized Debtor thereof, or against the property of the Reorganized Debtor with respect to any such Claim

16

or, (d) from asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due from the Reorganized Debtor thereof, or against the property of the Reorganized Debtor, with respect to any such Claim.

      8.2    **Term of Injunctions or Stays.**  Unless otherwise provided in this Plan, all injunctions or stays provided for in this Chapter 11 Case pursuant to Sections 105 or 362 of the Code or otherwise and extant on the Confirmation Date shall remain in full force and effect, until such time as the Bankruptcy Court orders otherwise.  Upon the occurrence of a default hereunder, creditors shall have the right to seek relief from the stays and/or termination of the injunctions provided for herein.

      8.3    **Injunction Against Interference With Plan.**  Except as otherwise permitted under the Plan, no entity may commence or continue any action or proceeding, or perform any act to interfere with the implementation and consummation of this Plan and the payments to be made hereunder.

## ARTICLE IX

### Executory Contracts

      9.1    **Rejection**.  All executory contracts and unexpired leases that are not assumed as of the Confirmation Hearing or rejected during this case shall be deemed rejected pursuant to Section 365 of the Bankruptcy Code as of the Confirmation Hearing.

      9.2    **Damages**.  Any Claim for damages arising by reason of the rejection of any executory contract or unexpired lease will constitute a Rejection Claim, if, but only if, a proof of claim therefore shall be filed with the Clerk of the Court within thirty days after the date

of rejection.  If a Rejection Claim becomes an Allowed claim then it shall constitute a general unsecured claim under Class 2 as appropriate.

## ARTICLE X

### Cramdown Provisions and Confirmation Request

10.1    In the event that sufficient votes to confirm said Plan are not received, the Debtor requests confirmation of the Plan pursuant to the provision of Section 1129(b) of the Bankruptcy Code.

## ARTICLE XI

### Modification of the Plan

11.1    **Pre-Confirmation Modification.**    At any time before the Confirmation Date, the Plan may be modified by the Proponent upon approval of the Bankruptcy Court, provided that the Plan, as modified, does not fail to meet the requirements of Section 1122 and 1123 of the Bankruptcy Code.  In the event that there is a modification of the Plan, then the Plan as modified, shall become the Plan.

11.2    **Pre-consummation Modification**.    At any time after the Confirmation Date of the Plan, but before substantial consummation of the Plan, the Plan may be modified by the Proponent upon approval of the Bankruptcy Court, provided that the Plan, as modified, does not fail to meet the requirements of Section 1122 and 1123 of the Bankruptcy Code.  The Plan, as modified under this section, becomes a Plan only if the Court, after notice and hearing, confirms such Plan, as modified, under Section 1129 of the Bankruptcy Code.

11.3    **Non-Material Modifications.**    At any time, the Proponent may, without the approval of the Court, so long as it does not materially or adversely effect the interest of Creditors, remedy any defect or omission, or reconcile any such inconsistencies in the Plan or in

the Confirmation Order, as such matters may be necessary to carry out the purposes, intent and effect of this Plan.

## ARTICLE  XII

### <u>Retention of Jurisdiction</u>

12.1    The Court shall retain jurisdiction of the case after the Confirmation Date for the following purposes:

(a)    to determine any and all objections in the allowance of claims and amendments to schedules;

(b)    to classify the Claim of any Creditor and to re-examine Claims which have been allowed for purposes of voting, to determine such objections as may be filed to Claims;

(c)    to determine any and all disputes arising under or in connection with the Plan, the sale of any of the Debtor's assets, collection or recovery of any assets;

(d)    to determine any and all applications for allowance of compensation and reimbursement of expenses herein;

(e)    to determine any and all pending applications for rejections of executory contracts and unexpired leases and the allowance of any claims resulting from the rejection thereof or from the rejection of executory contracts or unexpired leases pursuant to the Plan;

(f)    to determine any and all applications, adversary proceedings and contested and litigated matters pending in the case as of, or after, the Confirmation Date;

(g)    to determine any and all proceedings for recovery of payments pursuant to any Cause of Action;

(h)    to modify any provision of the Plan to the full extent permitted by the Bankruptcy Code;

(i)    to correct any defect, cure any omission or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes, intent and effect of the Plan;

(j)    to determine such other matters which may be provided for in the Confirmation Order as may be authorized under the provisions of the Bankruptcy Code;

(k)    to enforce all discharge provisions under the Plan; and

(l)    to enter any order, including injunctions, necessary to enforce the terms of the Plan, the powers of the Debtor under the Bankruptcy Code, this Plan and as the Court may deem necessary.

## ARTICLE XIII

### Causes of Action

13.1    **Suits, Etc.**  Except as otherwise provided in this Plan, the Debtor reserves the right to initiate or continue any litigation or adversary proceeding permitted under Title 11 of the United States Code and applicable Federal Rules of bankruptcy procedure with respect to any Cause of Action.

13.2    **Powers**.  The Debtor shall have the right to settle, compromise, sell, assign, terminate, release, discontinue or abandon any Cause of Action from time to time in her discretion.  To the extent any Cause of Action results in a claim against the Debtor, such claims shall be treated in Class 2.

## ARTICLE XIV

## **Miscellaneous**

14.1    **Choice of Law**.  Except to the extent superseded by the Bankruptcy Code
or other federal law, the rights, duties and obligations arising under the Plan shall be governed by
and construed and enforced in accordance with the laws of the State of Pennsylvania, without
regard to the choice of law rules thereof.

14.2    **Payment of Statutory Fees**.  All fees payable pursuant to section 1930 of
Title 28 of the United States Code, as determined by the Court at the hearing pursuant to section
1128 of the Bankruptcy Code, will be paid on or before the Effective Date. With specific regard
to those fees attributable to the Office of the United States Trustee, Quarterly fees pursuant to 28
U.S.C. § 1930(a)(6) continue to be payable to the Office of the United States Trustee post-
confirmation until such time as the case is converted, dismissed or closed pursuant to a final
decree.

14.3    **Discharge of Debtor**.  Except as otherwise provided in this Plan or in any
Judgment of this Court on a dischargeability complaint, the rights afforded in the Plan and the
treatment of all Claims in the Plan shall be in exchange for and in complete satisfaction,
discharge, and release of Claims of any nature whatsoever, including any interest accrued on
such Claims from and after the Petition Date, against the Debtor, any of her assets or properties
and the Debtor's Estate to the full extent permitted by the Bankruptcy Code.   Except as
otherwise provided in this Plan or in any other order or judgment of this Court (i) on the Motion
of the Debtor pursuant to Section 1141(d)(5), all Claims against the Debtor will be satisfied,
discharged and released in full and (ii) all Persons shall be precluded from asserting against
Debtor, successors, or her assets or properties any other or further Claims based upon any act or

omission, transaction, or other activity of any kind or nature that occurred before the Confirmation Date as is solely permitted by the Bankruptcy Code.

14.4    **Discharge of Claims; Injunction**.  Except as otherwise provided in this Plan or in any other order or judgment of this Court, the rights afforded in this Plan and the payments and distributions to be made under the Plan shall be in complete exchange for, and in full satisfaction, discharge and release of, all existing debts and Claims of any kind, nature or description whatsoever against the Debtor, the estate or any of her assets, all existing Claims against the Debtor, the estate and all of her assets and properties will be, and be deemed to be, exchanged, satisfied, discharged and released in full; and all holders of claims shall be precluded and enjoined from asserting against the Debtor, the Reorganized Debtor, the Disbursing Agent, her successor or her respective Assets or properties any other or further Claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to Confirmation of the Plan, whether or not the holder filed a proof of claim.

14.5    **Effect of Confirmation Order**.  Except as provided in Section 1141(d) of the Bankruptcy Code and except as otherwise provided in this Plan, the provisions of the Plan and the Confirmation Order shall bind the Reorganized Debtor and all holders of claims and will be a judicial determination of discharge of the Debtor from all debts that arose before the Confirmation Date and any liability on a Claim that is determined under Section 502 of the Bankruptcy Code as if such Claim had arisen before the Confirmation Date, whether or not a proof of claim based on any such date or liability is filed under Section 501 of the Bankruptcy Code and whether or not a Claim based on such debt or liability is allowed under Section 502 of the Bankruptcy Code and whether or not such holder is impaired under the Plan and whether or

not such holder has accepted the Plan, and shall terminate all rights, claims and interests of such holder, except as provided in the Plan.

14.6    **Severability**.  Should any provision in this Plan be determined to be unenforceable, that determination will in no way limit or affect the enforceability and operative effect of any provision of the Plan.

14.7    **Successors and Assigns**.  The rights and obligations of any person named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of that Person.

14.8    **Binding Effect**.  The Plan will be binding upon and inure to the benefit of the Debtor and her Creditors.

14.9    **Withholding and Reporting Requirements**.  In connection with the Plan and all instruments issued and distributions made pursuant to the Plan, the Debtor will comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority and all distributions made pursuant to the Plan will be subject to any such withholding and reporting requirements.

**ARTICLE XV**

**Provisions for Resolving and Treating Claims**

15.1    **Objections**.  Within sixty (60) days after the Confirmation Date, all objections to Claims, unless an objection has already been filed, will be filed with the Court and served on the holders of each of the Claims to which objections are made.  If no objection to a claim is filed within sixty (60) days after the Confirmation Date, the claim will be deemed allowed.

15.2    **Prosecution of Objections**.  After the date of entry of the Confirmation Order, only the Disbursing Agent will have authority to file objections, litigate to judgment, settle or withdraw objections to Contested Claims.  Any objections to claims which have been filed by the Debtor which are pending on the Effective Date shall be transferred to the Disbursing Agent.

15.3    **No Distributions Pending Allowance**.  No payments or distributions will be made with respect to any Contested Claim except to the extent that the Contested Claim becomes an Allowed Claim.  If only a portion of a claim is disputed (and in the absence of a basis for set off or counterclaim), the distribution will be made on a pro rata basis on the uncontested portion of the claim, pending resolution of the portion which is disputed.

[Remainder of Page Left Intentionally Blank]

15.4   **Distributions after Allowance**.  Payments and distribution to each holder of a Contested Claim, to the extent that the Contested Claim becomes an Allowed Claim, will be made in accordance with the provisions of the Plan governing the Class of Claims to which the respective holder belongs as soon as practicable after the date that the order or judgment of the Court allowing the Claim becomes a Final Order.

**FRANCES EMMONS ROGERS**

By:   */s/ Frances Emmons Rogers*
Debtor

**CIARDI CIARDI & ASTIN**

By:   */s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esq.
Daniel S. Siedman, Esq.
One Commerce Square, Suite 3500
2005 Market Street
Philadelphia, PA  19103
(215) 557-3550

Dated:  May 8, 2019                Attorneys for Debtor